IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Charles T. Thomas, | ) | C/A No.: 0:14-814-JFA-SVH |
|                  Plaintiff, | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Lewis Law Firm, and Grady E. McMehan, | ) | |
|                  Defendants. | ) | |

Charles T. Thomas, proceeding pro se, brings this action alleging claims of legal malpractice, fraud, and a denial of due process by Lewis Law Firm and Grady E. McMehan (collectively "Defendants"), who previously represented Plaintiff in a personal injury lawsuit. [Entry #9 at 1; Entry #9-1 at 2]. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the amended complaint in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Plaintiff alleges that, while he was incarcerated at Ridgeland Correctional Institution, an inmate assaulted him causing him to go blind in one eye. [Entry #9-1 at 3]. Plaintiff states that he retained Defendants to represent him in a lawsuit against the South Carolina Department of Corrections ("SCDC"). *Id.* Plaintiff claims that Defendants forced him to "sign for a settlement of $37,500," and Plaintiff received a check from

Defendants for $12,500 in October 2013.  *Id.*  Plaintiff indicates that he filed "an application for resolution of dispute fee," but the Dispute Board determined that he was not entitled to reimbursement.  *Id.* at 3–4.  Plaintiff also states that disciplinary counsel found no evidence of lawyer misconduct by Defendants.  *Id.* at 4.  Plaintiff, who maintains that Defendants improperly deducted fees from his settlement, seeks monetary damages.  *Id.* at 4, 6; *see also* Entry #9 at 1.[1]

II.    Discussion

   A.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se amended complaint.  Even though Plaintiff has paid the filing fee in this action, the court possesses the inherent authority to ensure that Plaintiff has standing, federal jurisdiction exists, and the case is not frivolous.[2]  *See Ross v. Baron*, C/A No. 12-1272, 2012 WL 3590914, at *1 (4th Cir. Aug. 22, 2012); *see also Mallard v. United States Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").

---

[1] On March 26, 2014, Plaintiff filed an amended complaint.  [Entry #9].  To preserve issues raised in the case and give liberal construction to the pleadings, Plaintiff's original complaint has been appended to the amended complaint for review.  [Entry #9-1].

[2] Plaintiff is not proceeding in forma pauperis.  Therefore, 28 U.S.C. § 1915(e)(2), which allows *sua sponte* dismissal of complaints that fail to state a claim, is inapplicable.  However, Plaintiff indicates that he is a state prisoner incarcerated at Manning Correctional Institution.  [Entry #9-1 at 2].  Thus, Plaintiff is subject to the screening provisions of 28 U.S.C. § 1915A.

2

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

1. Lack of federal jurisdiction

Federal courts are courts of limited jurisdiction that are "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Id.* at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at

3

the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

There is no presumption that a federal court has jurisdiction over a case, *Pinkley, Inc. v. City of Frederick, MD*, 191 F.3d 394, 399 (4th Cir. 1999), and a plaintiff must allege facts essential to show jurisdiction in his pleadings. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *see also Dracos v. Hellenic Lines, Ltd.*, 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court."). To this end, Fed. R. Civ. P. 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]" When a complaint fails to include "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley*, 191 F.3d at 399 (citation omitted). However, if the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id*; *see also Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452–53 (4th Cir. 2012) (finding that when the alleged federal claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy," then subject matter jurisdiction does not exist) (citation and internal quotation marks omitted).

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. As discussed below, the factual

4

allegations contained in the instant amended complaint do not fall within the scope of either form of this court's limited jurisdiction.

i. Diversity

The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of $75,000. Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372–74 nn.13–16 (1978). This court has no diversity jurisdiction over this case because Plaintiff has failed to demonstrate that he and Defendants are citizens of different states. [Entry #9-1 at 2]. In the absence of diversity of citizenship, the amount in controversy is irrelevant.

ii. Federal Question

"[A] claim of federal question jurisdiction is to be resolved on the basis of the allegations of the complaint itself." *Burgess v. Charlottesville Sav. and Loan Ass'n*, 477 F.2d 40, 43 (4th Cir. 1973). Therefore, a complaint must "contain allegations 'affirmatively and distinctly' establishing federal grounds 'not in mere form, but in substance' and 'not in mere assertion, but in essence and effect.'" *Id.* (citing *Cuyahoga Co. v. Northern Ohio Co.*, 252 U.S. 388, 397 (1920)). "[T]he mere assertion in a pleading that the case is one involving the construction or application of the federal laws does not authorize the District Court to entertain the suit." *Malone v. Gardner*, 62 F.2d 15, 18 (4th Cir. 1932).

The allegations contained in Plaintiff's amended complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff primarily alleges state law claims of fraud and legal malpractice against Defendants.[3] [Entry #9-1 at 2–5]. To the extent Plaintiff references a violation of his right to due process [Entry #9 at 1], he fails to support such an allegation with facts to demonstrate a federal claim against Defendants and fails to show that this case arises under federal law.[4] As "conclusory allegations in the complaint are insufficient to support jurisdiction," *Burgess*, 477 F.2d at 43, this case is subject to summary dismissal.

    2.    State law claims

Plaintiff's claims of fraud and malpractice against Defendants would likely be actionable in state court. However, as Plaintiff's alleged federal claims are recommended for summary dismissal for lack of federal jurisdiction, the district court should decline to exercise supplemental jurisdiction over any state law causes of action alleged by Plaintiff. *See* 28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726

---

[3] To the extent Plaintiff alleges mail fraud [Entry #9-1 at 5], 18 U.S.C. § 1341 does not create a private cause of action for such a claim. *See Uhre v. Emmett A. Larkin Co., Inc.*, 205 F. Supp. 2d. 475, 478 (D. Md. 2002); *see also Simmons v. Simmons*, C/A No. 2:08-2951-PMD, 2008 WL 4663157, at *2 (D.S.C. Oct. 17, 2008) (collecting cases).

[4] Even if liberally construed as a civil rights action under 42 U.S.C. § 1983, Plaintiff's claims would be subject to summary dismissal as legally frivolous because an attorney, whether retained or appointed, does not act under color of state law when performing traditional functions as counsel. *See Polk County v. Dodson*, 454 U.S. 312, 317–24 nn.8–16 (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155–56 nn.2–3 (4th Cir. 1980) (court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *see also Newson v. Peterkin*, C/A No. 5:10-CT-3178-D, 2011 WL 2880882, at *2–3 (E.D.N.C. July 15, 2011) (dismissing claim against attorneys as frivolous under 28 U.S.C. § 1915A).

(1996); *Tigrett v. Rector and Visitors of the Univ. of Va.*, 290 F.3d 620, 626 (4th Cir. 2002) (affirming district court's dismissal of state law claims when no federal claims remained in the case).

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

April 2, 2014                                              Shiva V. Hodges
Columbia, South Carolina                      United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).