UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Charles T. Thomas, | ) | C/A No. 0:14-814-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Lewis Law Firm; Grady E. McMehan, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The *pro se* plaintiff, Charles T. Thomas, is an inmate with the South Carolina Department of Corrections (SCDC). He brings this action against the defendants alleging claims of legal malpractice, fraud, and denial of due process in connection with the defendants' representation of plaintiff in a personal injury claim in state court. Plaintiff seeks monetary damages.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that the amended complaint should be dismissed.[2] The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[2] Although the plaintiff paid the filing fee in this action, he is still subject to the screening provisions of 28 U.S.C. § 1915A.

1

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on April 2, 2014. The plaintiff filed timely objections which this court has reviewed *de novo* and will address below.

As an initial matter, the Magistrate Judge correctly opines that this court does not have jurisdiction over this case under the bases of federal question or diversity. Here, the plaintiff alleges state law claims of fraud and legal malpractice against the defendants, his former attorneys. Further, the plaintiff fails to show a violation of his right to due process to indicate that this case arises under federal law.

The Magistrate Judge properly suggests that an attorney, whether retained or appointed, does not act under color of state law when performing traditional functions as counsel. Thus, the plaintiff cannot maintain an action against the defendants under 42 U.S.C. § 1983.

Additionally, the court agrees with the Magistrate Judge that it should decline to exercise supplemental jurisdiction over any of plaintiff's potential state law claims.

In his objections to the Report, the plaintiff asserts that he filed his claim under the Due Process Clause of the Fourteenth Amendment to the Constitution for the defendants' recklessness and negligence regarding the money settlement from his personal injury case in state court. The plaintiff suggests that the Magistrate Judge only made a "face value judgment" and that the Fourteenth Amendment allows federal jurisdiction to exist. He indicates that his amended complaint supports his federal claims.

Plaintiff also notes in his supplemental objections that two of the attorneys working on his personal injury case were from New York and California such that he meets the requirements of diversity jurisdiction under 28 U.S.C. § 1332(a). The plaintiff's argument is without merit. As the Magistrate Judge properly notes in her Report, *complete* diversity among the parties is required. If one defendant is a citizen from another state and another defendant is from the same state as the plaintiff, then diversity is not complete and this court is without jurisdiction to entertain the action.

Further, plaintiff's claim that federal jurisdiction is accomplished by virtue of his Fourteenth Amendment allegations is also without merit. Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment, the two most common provisions under which persons come into federal court to claim that others have violated their constitutional rights. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1983); *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721 (1961). The defendants are not a state actors and their actions in representing plaintiff in a state court personal injury action do not constitute state action or action under color of state law, as it is well settled that "[a] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk County v. Dodson*, 454 U.S. 312, 318, 102 S.Ct. 445 (1981).

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the plaintiff's objections thereto, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct

3

principles of law. The Report is adopted and incorporated herein by reference.

Accordingly, this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

May 9, 2014                                    Joseph F. Anderson, Jr.
Columbia, South Carolina                       United States District Judge